# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 12-20066-12-KHV** |
| JORGE REYES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On March 11, 2014, the Court sentenced defendant to 120 months in prison.  See Judgment In A Criminal Case (Doc. #1378).  This matter is before the Court on defendant's Motion To Ask For The Adjustment Of Sentence (Doc. #1763) and defendant's Motion To Ask For The Elimination Of The Term Of Probation (Doc. #1764), both filed April 20, 2015.

Defendant asks the Court to credit his time served in jail from January 7, 2012 (when officers arrested him in El Paso, Texas) to May 31, 2012 (when he first appeared before a federal magistrate).  See Motion To Ask For The Adjustment Of Sentence (Doc. #1763) at 1.  By statute, defendant receives "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed."  18 U.S.C. § 3585(b).  A district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are made by the Attorney General through the Bureau of Prisons ("BOP").  United States v. Wilson, 503 U.S. 329, 333-35 (1992); United States v. French, 297 Fed. Appx. 333, 334 (5th Cir. 2008); see United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (although Section 3585(b) calls for defendant to receive credit for time served, calculation left to BOP and not sentencing court).  Before seeking judicial review of credits under

Section 3585(b), prisoners must exhaust administrative remedies.  See French, 297 Fed. Appx. at 334;

Buchanan v. U.S. Bureau of Prisons, 133 Fed. Appx. 465, 467 (10th Cir. 2005).

Defendant argues that his current sentence does not reflect good time credit.  See Motion To

Ask For The Adjustment Of Sentence (Doc. #1763) at 1.  Like credit awards for time served, BOP

calculates good time credit.  18 U.S.C. § 3624(b)(1) (delegating to BOP authority to calculate credit

for satisfactory behavior). Defendant does not assert that BOP has denied good time credit.[1] Moreover,

any potential challenge to the BOP sentencing calculation should ordinarily be brought under 28 U.S.C.

§ 2241.

Defendant asks the Court to alter his sentence to remove the term of supervised release.  Motion

To Ask For The Elimination Of The Term Of Probation (Doc. #1764) at 1.  Defendant states that the

Sentencing Commission recommends that district courts no longer impose a term of supervised release

for deportable aliens.  The Sentencing Guidelines currently provide as follows:

> The court ordinarily should not impose a term of supervised release in a case in which
> supervised release is not required by statute and the defendant is a deportable alien who
> likely will be deported after imprisonment.

U.S.S.G. § 5D1.1(c).  Here, defendant was convicted under 21 U.S.C. § 841(b)(1)(A), which requires

a term of supervised release of at least five years.  Accordingly, the Court overrules defendant's request

to modify his sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion To Ask For The Adjustment Of

Sentence (Doc. #1763) filed April 20, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Ask For The Elimination Of The

---

[1] Defendant apparently is referring to the district court docket sheet, which is not automatically updated for BOP credits.

Term Of Probation (Doc. #1764) filed April 20, 2015 be and hereby is **OVERRULED**.

Dated this 27th day of April, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge